United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-20655
_____

WALKER INTERNATIONAL HOLDINGS LTD.,

Plaintiff - Appellant,

versus

THE REPUBLIC OF CONGO; CAISSE CONGOLAISE D'AMORTISSEMENT;,

Defendants - Appellees,
and

MURPHY EXPLORATION & PRODUCTION COMPANY INTERNATIONAL,

Garnishee - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

Before JOLLY, JONES, and DeMOSS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In an effort to recover monies owed to it by the Republic of Congo ("ROC"), Walker International Holdings, Ltd. ("Walker") filed a garnishment action against Murphy Exploration & Production Company – International ("Murphy"). Murphy ultimately prevailed in the garnishment proceeding based on the district court's finding that the ROC was entitled to sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602-1611. Murphy thereafter petitioned the district court for costs and attorney's fees. The district court granted Murphy's motion, awarding Murphy

$515,970.18 for costs and attorney's fees. Walker appealed. We hold that the district court properly applied Texas Rule of Civil Procedure 677 regarding the award of attorney's fees in garnishment proceedings and that the district court did not abuse its discretion in awarding $515,970.18 to Murphy. The district court's judgment is therefore AFFIRMED.

I

Walker purchased a debt owed by the ROC to an Italian company for the development and construction of an electric infrastructure in the ROC. Following an arbitration proceeding before the International Chamber of Commerce ("ICC") in Paris, France, the ICC recognized that the ROC was liable to Walker for approximately $26 million. The French courts subsequently upheld the ICC's ruling.

In March 2002, Walker successfully registered the foreign judgment award in the United States District Court for the District of Columbia. In August 2003, Walker filed a garnishment action in the United States District Court for the Southern District of Texas to garnish funds it believed were owed to the ROC by Murphy, a Texas-based company. Walker claims that it sought to garnish money from Murphy after Murphy announced in May 2003 that it had signed two production sharing contracts with the ROC for oil exploration projects to be operated by Murphy West Africa, Ltd., one of Murphy's foreign subsidiaries.

In ex parte proceedings before the district court, Walker successfully obtained a writ of garnishment against Murphy, an

2

order for expedited discovery, and a temporary restraining order prohibiting Murphy or any of its subsidiaries from paying any money to the ROC. Following discovery, the district court[1] granted Walker's motion to vacate the temporary restraining order, dissolve the writs of attachment and garnishment, and dismiss the action in February 2004, based upon its finding that the ROC was immune from execution under the FSIA.[2]

In its memorandum opinion dismissing the garnishment proceeding, the district court ordered the parties to submit supplemental briefing on the question of whether Murphy was entitled to costs and attorney's fees for prevailing in the garnishment action. The parties briefed the issue, and on April 5, the court found that Murphy was entitled to an award of costs and attorney's fees under Texas Rule of Civil Procedure 677 and ordered Murphy to submit an application for fees.

Murphy filed an application on April 20 for award of costs and fees incurred in asserting the Congo's defense under the FSIA and

---

[1]After the writ of garnishment was issued, the parties consented to the jurisdiction of the magistrate judge for all purposes in this case pursuant to 28 U.S.C. § 636(c). Because the magistrate judge may enter a final judgment under § 636(c), we refer to the magistrate's decisions and actions in this case as those of the district court.

[2]This underlying litigation was the subject of a separate appeal. The appeal was pending at the time the parties began briefing the instant appeal, but was resolved before Walker filed its reply brief. See Walker International Holdings, Ltd. v. Republic of Congo, 395 F.3d 229 (5th Cir. 2004)(hereinafter "Walker I") (affirming the dismissal of the suit).

3

in defending against garnishment. Walker filed a response in opposition, and the district court held a hearing on the subject of costs and fees on May 27. On July 1, the district court awarded Murphy $515,970.18 for costs and fees already incurred. Murphy had requested $525,935.43. The district court also awarded Murphy $35,000 of the $75,000 requested for appeal to this court; $10,000 of the $50,000 requested if Walker files a petition for review with the Supreme Court; and $25,000 of the $75,000 requested in the event that the Supreme Court hears an appeal.

Walker filed a Motion for Reconsideration of the district court's order, which was summarily denied by the district court on July 22. Walker then timely filed this appeal.

## II

### A

#### 1

Federal Rule of Civil Procedure 69(a) provides:

> [t]he procedure on execution, in proceedings on and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002). Whether

4

state law supplies the rule of decision, however, is a legal question reviewed <u>de</u> <u>novo</u> by our court.

Walker maintains that because the underlying litigation was brought, defended and decided under the FSIA, any issue arising out of Murphy's claim for costs and attorney's fees should be governed by the FSIA. Walker acknowledges that Federal Rule of Civil Procedure 69(a) functions to apply state law in garnishment proceedings, but asserts that under Rule 69(a) federal law is to be applied when the state law conflicts with the federal law. Walker finds such a conflict between Texas Rule of Civil Procedure 677, which allows for attorney's fees in garnishment proceedings, and the FSIA, which Walker asserts does not allow for attorney's fees. Walker concludes that because the FSIA does not contain a fee-shifting provision, each litigant should pay its own attorney's fees pursuant to the American rule.[3] In essence, Walker maintains that the FSIA establishes a process for enforcing judgments against foreign states by setting forth a vehicle for assessing liability and then procuring property through attachment and execution.

As to be expected, Murphy does not agree. Murphy argues that garnishment actions filed in federal court are governed by state law and procedure except where a particular federal law may apply. Murphy asserts that federal law does not apply to the question of

---

[3]The American Rule provides that a prevailing party is not ordinarily entitled to recover attorney's fees absent a specific statutory provision stating otherwise. <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240 (1975).

5

attorney's fees, suggesting that the FSIA merely supplies the standards for deciding an issue of immunity.

We are in agreement with Murphy: the FSIA does not supply law conflicting with Texas law on the issue of attorney's fees. Rather, the FSIA "sets forth the sole and exclusive standards to be used to resolve all sovereign immunity issues raised in federal and state courts." See Arriba Ltd. v. Petroleos Mexicanos, 962 F.2d 528, 532 (5th Cir. 1992) (citation and internal quotations omitted). The purpose of the FSIA is not "to affect substantive law determining the liability of a foreign state". First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba, 462 U.S. 611, 620 (1983). Stated differently, the FSIA does not create an independent cause of action. In re B-727 Aircraft Serial No. 21010, 272 F.3d 264, 270 (5th Cir. 2001). It simply provides a defense to claims raised against a sovereign and a federal forum for the resolution of such claims.

Because the FSIA does not supply a cause of action, the rule of decision applied to the issue of attorney's fees, as well as the underlying garnishment proceeding, is that of the State of Texas under Fed. R. Civ. P. 69(a). This court has already suggested as much in dicta: in a decision vacating a dismissal of a garnishment action, this court observed that its decision obviated the need to address the merits of whether Texas law permitted the award of attorney's fees. Connecticut Bank of Commerce v. Republic of Congo, 309 F.3d 240, 260 n.10 (5th Cir. 2004). Although this court

did not decide the issue in <u>Connecticut Bank</u>, we agree with the <u>Connecticut Bank</u> panel's suggestion that Texas law governs the provision of attorney's fees in garnishment actions in which sovereign immunity is raised as a defense by the garnishee.

2

Having found that Texas law governs the provision of attorney's fees, we now turn to the application of Texas law to the case at hand. As we noted above, state law controls both the award of and the reasonableness of fees awarded. <u>Mathis</u>, 302 F.3d at 461. The Texas Supreme Court has noted that the availability of attorney's fees under a particular statute is a question of law. <u>Holland v. Wal-Mart Stores, Inc.</u>, 1 S.W.3d 91, 94 (Tex. 1999). Such questions of law are reviewed <u>de</u> <u>novo</u>. <u>See, e.g.</u>, <u>Jakab v. Gran Villa Townhouses Owners Ass'n, Inc.</u>, 149 S.W.3d 863, 867 (Tex. Ct. App. 2004); <u>Pacesetter Pools v. Pierce Homes</u>, 86 S.W.3d 827, 833 (Tex. Ct. App. 2002).

Texas Rule of Civil Procedure 677 provides:

> Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided for in this section; where the answer is contested, the costs shall abide the issue of such contest.

Thus, the statute strongly suggests that a garnishee who contests a writ of garnishment and prevails is entitled to attorney's fees

7

because of the successful result of that "contest". Texas case law confirms this understanding of the statute's language: "[u]nder rule 677, (1) a garnishee who contests and loses cannot get attorney's fees, and (2) a garnishee who contests and wins must get attorney's fees." Rowley v. Lake Area Nat'l Bank, 976 S.W.2d 715, 724 (Tex. Ct. App. 1998).

Walker makes three arguments that Rule 677 does not provide a basis for an award of attorney's fees to Murphy, the prevailing garnishee. Two arguments have been foreclosed or disposed of by the resolution of the appeal of the underlying case. See Walker I, 395 F.3d 229.[4] Walker's only viable argument is that under this statute and Texas case law a garnishee is entitled to fees only sufficient to cover the expense of filing an answer.[5]

---

[4]Walker first argues that attorney's fees are unavailable because the appeal of the underlying litigation makes it impossible to determine the outcome of the contest. This court affirmed the district court's judgment in Walker I and Walker's argument has therefore been rendered moot.

Walker also argues that attorney's fees are unavailable because Murphy asserted sovereign immunity on behalf of the ROC under the FSIA. Walker asserts that it cannot be forced to pay the costs and fees associated with Murphy's assertion of a defense that the ROC had waived under the ICC agreement. This argument was also foreclosed by Walker I, in which this court determined that there is no authority to support the contention that it is the sovereign's exclusive right to raise the issue of sovereign immunity. 395 F.3d at 233.

[5]To the extent that Walker's argument relies on the fact that Murphy asserted the sovereign immunity defense of the judgment debtor, the argument is resolved by Walker I's conclusion that no authority supports the contention that sovereign immunity may be exerted by the sovereign alone. See supra at Note 4. Walker argued in its reply brief and at oral argument that Rule 677 does

8

We acknowledge that the statute does not speak in express terms, but we think Walker's reading of the statute is unpersuasive. Rule 677 indisputably contemplates that answers will be contested and that the award of attorney's fees is connected to the ultimate outcome of the case: "where the answer is contested, the costs shall abide the issue of such contest." TEX. R. CIV. P. 677. Although Walker argues that this language does not resolve whether fees are recoverable only for the cost of filing the answer, or for the costs of the litigation, this language must be read in the context of the statute as a whole: the above phrase delineates the third situation for an award of attorney's fees. The two previous authorizations in the statute provide for "costs of the proceeding" that concludes at the outset of garnishment litigation, i.e. the pleadings stage. Because the statute's third provision for attorney's fees connects the award to the ultimate result of the litigation, it strongly implies that the costs in connection with the contest, i.e. the litigation, are recoverable by the prevailing party. The placement of the phrase and its language lead us to conclude that the intent of the statute is that at the conclusion of the litigation, the trial court applies Rule 677, determining which party prevailed in the contest, and to what

---

not entitle judgment debtors to attorney's fees and, therefore, Murphy is not entitled to attorney's fees because it took the judgment debtor's position in active litigation.

9

extent, and then exercises its discretion in setting the award of the fees.

There appears to be an absence of authoritative Texas case law on this precise issue.[6]  Although the <u>Rowley</u> court did not speak directly to the issue at hand, it noted that, in garnishment cases, "<u>[a]s is generally the case</u>, the amount of an award of attorney's fees rests in the sound discretion of the trial court."  976 S.W.2d at 724 (emphasis supplied).  This statement is consistent with the rule's text -- that the decision regarding costs will await the outcome of the contest and further suggests that attorney's fees are assessed in the customary manner, as in other cases.  Indeed, this seems to be the only practical reading of the statute.  We thus decline to read Texas law as holding that a garnishee who prevails after becoming an active litigant is limited by Rule 677 to recovering costs and fees only for the expense of filing an answer, and conclude that the district court acted within its authorized discretion in awarding attorney's fees and costs for the entire litigation.

B

We finally reach Walker's challenge of the reasonableness of the award of costs and fees to Murphy.  Applying Texas law, we

---

[6]One recent case not selected for publication, however, affirmed an award of attorney's fees covering both the cost of the answer and the cost of the active litigation.  <u>See</u> <u>Dryden v. Am. Bank</u>, No. 13-02-379-CV, 2004 WL 1901425 (Tex. Ct. App. Aug. 26, 2004).

10

review the district court's award of attorney's fees for abuse of discretion and its findings of fact supporting the award for clear error. Id.; see also Rowley, 976 S.W.2d at 722. The district court's award of costs and attorney's fees will not be disturbed on appeal unless it can be demonstrated that the district court acted without reference to any guiding rules or principles. DP Solutions, Inc. v. Rollins, Inc., 353 F.3d 421, 433 (5th Cir. 2003).

The district court held a hearing specifically to determine the amount of the fee award recoverable by Murphy. Murphy presented expert witnesses in support of the reasonableness of the fees it was seeking and submitted the relevant billing records. It does not appear that Walker presented any evidence specifically refuting the testimony offered by Murphy at the hearing. Moreover, in its order awarding Murphy its costs and fees, the district court addressed the reasonableness of such fees using the factors delineated by the Texas Supreme Court in Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997).[7] Applying

---

[7]These factors include: "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services

11

these factors, the district court concluded that $515,970.18 was reasonable based on the particular complexities of the case.

Although Walker contends that the amount of costs and fees awarded Murphy is unreasonable and unnecessary, Walker does not persuasively argue that the district court acted without reference to any guiding rules or principles. Because of the degree of deference afforded to the district court, we cannot find that the district court abused its discretion when it acted with reasoned consideration of the proper guiding principles, even when making such a large award.

III

For the foregoing reasons, the judgment of the district court awarding Murphy costs and attorney's fees is

AFFIRMED.

---

have been rendered." Id. (citations omitted).