# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2023

Lyle W. Cayce
Clerk

No. 22-50254

Transverse, L.L.C.,

*Plaintiff—Appellee*,

*versus*

Iowa Wireless Services, L.L.C., doing business as i wireless,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-517-LY

Before Jones, Willett, and Douglas, *Circuit Judges*.

Per Curiam:[*]

In this appeal we address whether the district court properly awarded $431,608.05 in attorneys' fees to Iowa Wireless Services, LLC ("IWS"). IWS contends that the district court contravened our mandate and abused its discretion by rejecting IWS's lodestar calculation. IWS also contends that

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50254

the district court committed multiple errors when calculating the lodestar. We REVERSE in part and REMAND.

## I.

This case has come before us on three previous occasions.[1] IWS, a wireless telephone service provider, hired Transverse, a software company, to develop customized billing software. The parties' relationship was formalized in a Supply Contract and a Mutual Non-Disclosure Agreement ("NDA"). When IWS realized that Transverse could not deliver the software on schedule, it sought the services of a competitor and terminated the Supply Contract. Transverse then sued IWS under the Supply Contract, the NDA, the Texas Theft Liability Act ("TTLA"), and tort theories of conversion and misappropriation. IWS counterclaimed for breach of the Supply Contract.

In *Transverse II*, our court determined that IWS was the prevailing party on the TTLA claim and remanded the case for further consideration of the district court order denying fees to IWS on that claim. We found that IWS was entitled to a mandatory award of costs and attorneys' fees on this claim. The district court referred the motion for attorneys' fees to the magistrate judge.

The magistrate judge concluded that IWS failed to show that the fees attributable to the TTLA claim could not be segregated from the unrecoverable claims and, consequently, IWS was requesting fees for claims

---

[1] *See Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.* ("*Transverse I*"), 617 F. App'x 272 (5th Cir. 2015) (per curiam); *Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.* ("*Transverse II*"), 753 F. App'x 184 (5th Cir. 2018) (per curiam); *Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.* ("*Transverse III*") 992 F.3d 336 (5th Cir. 2021). The facts of this case have been well summarized in our prior opinions, so the facts herein are only those relevant to the appeal at issue.

No. 22-50254

on which it was not entitled to recover.[2] The magistrate judge recommended denying IWS's motion for fees without prejudice and directing IWS to submit documentation to the court supporting its claim for attorneys' fees for the TTLA claim only. The district court adopted the magistrate's report and recommendations.

IWS filed an amended fee application with an affidavit and a series of supporting exhibits, requesting the same amount of fees as it had previously sought. IWS contended that the magistrate judge had applied an overly stringent segregation standard at odds with Texas law by requiring IWS to isolate work performed solely on the TTLA claims. On second referral, the magistrate judge characterized IWS's amended application as "defiant," because it sought the same fee award as the original and recommended denial because IWS affirmatively refused to carry its burden to segregate. The district court adopted the recommendations.

In *Transverse III*, we held that the district court erred when it concluded that it had discretion to deny completely IWS's application for fees on the TTLA claim. When the statutory requirements under the TTLA are met, an award of attorneys' fees is mandatory. *Transverse III*, 992 F.3d at 345 (citing *Raytheon Co. v. Indigo Sys. Corp.*, 895 F.3d 1333, 1344-45 (Fed. Cir. 2018)). Because IWS was entitled to some fee award on the TTLA claim, we remanded for a determination of the proper amount. Importantly, we held:

---

[2] The magistrate judge correctly held that Texas law applies. *Spear Mktg., Inc. v. BankcorpSouth Bank*, 844 F.3d 464, 472 (5th Cir. 2016) (The Texas Theft and Liability Act supplied the rule of decision and state law controls the award of fees where state law supplies the rule of decision); *Automation Support, Inc. v. Humble Design, L.L.C.*, 734 F. App'x 211, 213 (5th Cir. 2018) ("Texas law controls attorney's fee award with regard to Texas Theft and Liability Act claims." (citing *Spear*, 844 F.3d at 473)).

We do not hold that IWS is entitled to the full fee amount requested in its latest two petitions. Within the principles set forth here, we entrust to the district court the task of looking at the fee application anew. But we clarify that the mandate of *Transverse II* did not depart from Texas law governing fee segregation, and fees incurred defending the TTLA claim do not become unrecoverable simply because they may have furthered another non-recoverable claim as well. IWS "did not have to keep separate time records" by claim, and Texas's standard for fee segregation "does not require more precise proof for attorney's fees than for any other claims or expenses." To the extent the district court is inclined to reduce fees on work that did "double duty," it can simply "allocat[e] as a percentage of total fees the amount that likely would have been incurred even if the unrecoverable claims were not in the case," "instead of requiring burdensome retrospective itemizations by claim."

*Transverse III,* 992 F.3d at 346-47 (internal citations omitted).

On remand, IWS submitted an amended fee application that provided two alternative methods for calculating attorneys' fees: a retrospective-itemization method and a percentage-allocation method. The magistrate judge rejected both calculations and undertook his own lodestar calculation. In calculating the lodestar, the magistrate judge found that a reasonable hourly rate was $300 and multiplied this by the total number of hours requested, 6,122.10, to arrive at a total of $1,836,630 for IWS's total fees. The magistrate judge then found that IWS should be allowed a maximum of 23.5% of its fees, resulting in a total of $431,608.05. The district court conducted a *de novo* review of IWS's application and adopted the report and

recommendation.[3] IWS appealed, challenging the district court's award of $431,608.05 in attorneys' fees.

## II.

We review the district court's award of attorneys' fees for abuse of discretion. *Torres v. SGE Mgmt., L.L.C.*, 945 F.3d 347, 352 (5th Cir. 2019). This deferential standard of review is "appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "To constitute an abuse of discretion, the district court's decision must be either premised on an erroneous application of the law, or on an assessment of the evidence that is clearly erroneous." *Torres*, 945 F.3d at 352 (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008)).

## III.

IWS contends that the district court contravened our mandate in *Transverse III* and abused its discretion by rejecting IWS's lodestar calculation.

Our mandate in *Transverse III* required the district court to issue a fee award to IWS on the TTLA claim. The district court did just that. Moreover, the district court had no obligation to accept the lodestar calculation put forth by IWS and did not abuse its discretion in calculating its own. The district court has broad discretion in determining the amount of a

---

[3] Throughout this opinion, the magistrate judge's Report and Recommendation and the district court judge's Order on the Report and Recommendation is collectively referred to as "the district court."

No. 22-50254

fee award. *Associated Builders*, 919 F.2d at 379. Further, the Texas Supreme Court has made clear that "*the court* must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work" and "*[t]he court* then multiplies the number of such hours by the applicable rate, the product of which is the base fee or lodestar." *Berry v. Bay, Ltd.*, 643 S.W.3d 424, 434 (Tex. App. —Corpus Christi 2022, no pet.) (emphasis in original).

## IV.

IWS next contends that the district court committed multiple errors in its lodestar calculation. "[T]he proper first step in determining a reasonable attorney's fee is to multiply 'the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 492 (Tex. 2019). The second step of the lodestar calculation allows for the base figure to be adjusted upward or downward after considerations not accounted for in the first step establish that the base lodestar figure is unreasonably low or high. *Id.* at 502.

Here, the district court took the total number of hours requested, 6,122.10, and multiplied that number by its determined reasonable rate of $300. The district court then found that IWS should be allowed a maximum of 23.5% of its fees, arriving at $431,608.05. IWS asserts that the district court erred in the hourly rate, the total number of hours, and the percentage allocation reduction. We address each challenge in order.

## A.

IWS first contends that the district court erred by finding that $300 per hour is a reasonable hourly rate. The district court looked to the 2015 Hourly Rate Fact Sheet ("Fact Sheet") published by the State Bar of Texas and found that the median hourly rate for an attorney in Austin in 2015 was

6

No. 22-50254

$300.[4] IWS asserts that, according to the Fact Sheet, the median hourly rate for attorneys at large firms, such as the firm employed by IWS, is $425 per hour. Under Texas law, region, not firm size, determines the relevant market. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (holding the relevant legal market is the community in which the district court sits). Accordingly, the district court's determination of the reasonable hourly rate using the Fact Sheet based on region rather than firm size was not clearly erroneous.

**B.**

IWS next contends that the district court erred by using the total number of *segregated* hours (6,122.10) rather than the total number of *unsegregated* hours in the base lodestar calculation. IWS asserts that this error resulted in a double deduction. We agree.

Under Texas law, "an enhancement or reduction of the base lodestar figure cannot be based on a consideration that is subsumed in the first step of the lodestar method." *Rohrmoos Venture*, 578 S.W.3d at 500. Here, the district court chose to reduce the base lodestar by a percentage allocation to

---

[4] Since this case began in 2010 and continued through 2019, the district court found that picking 2015 as a midway point was a fair way to assess the proper fee. As the district court notes, courts in its district regularly consider the Fact Sheet as evidence of a reasonable rate. *See, e.g., Rodriguez v. Mech. Tech. Servs., Inc.*, No. 1:12-CV-710-DAE, 2015 WL 8362931, at *6 (W.D. Tex. Dec. 8, 2015) ("Judges in the San Antonio Division regularly take judicial notice of the Rate Report."); *City of San Antonio, Tex. v. Hotels.com, L.P.*, No. 5:06-CV-381-OLG, 2017 WL 1382553, at *9 (W.D. Tex. Apr. 17, 2017) (same). "[The Fact Sheet] contains "data collected on the hourly rates of 4,260 licensed and practicing, full-time private practitioners who provided hourly rate information for the calendar year 2015," clarifying the "prevailing market rates in the relevant legal market," according to which "[h]ourly rates are to be computed." *Alvarez v. McCarthy*, No. 20-50465, 2022 WL 822178, at *3 (5th Cir. Mar. 18, 2022).

segregate fees, but the base lodestar contained a figure that already segregated the recoverable hours, resulting in a double deduction.

Accordingly, the district court clearly erred by including the total number of *segregated* hours in its initial calculation of the lodestar. We reverse and remand to input the total number of *unsegregated* hours in the lodestar calculation. We entrust to the district court the task of calculating the total number of unsegregated hours.

## C.

IWS also contends that the district court erred by finding that IWS was only entitled to 23.5% of its total fees.

The district court was permitted to "allocate[e] as a percentage of total fees the amount that likely would have been incurred even if the unrecoverable claims were not in the case." *See Transverse III,* 992 F.3d at 346-47 (citing *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, No. 6:12-CV-14, 2016 WL 1588312, at *4 (S.D. Tex. Apr. 20, 2016)).

Both parties presented evidence of what that percentage should be. IWS submitted a sworn declaration by counsel who, based on personal knowledge of the litigation and her review of the record and the invoices, estimated that 58% of the total fees would have been incurred even if the unrecoverable claims were not in the case. Transverse reviewed IWS's complete legal output, divided by tasks such as discovery, depositions, trial time and exhibits, appellate briefs, opinions, and remand issues, and found that 23.5% of IWS's total fees would have been incurred.

The district court had sufficient evidence with which to decide what percentage of total fees would have been incurred even if the unrecoverable claims were not in the case. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W. 3d 299, 314 (Tex. 2006); *Kinsel v. Lindsey*, 526 S.W. 3d 411, 428 (Tex. 2017).

No. 22-50254

Accordingly, the district court's finding that IWS was entitled to 23.5% of its total fees was not clearly erroneous.

## CONCLUSION

We REVERSE the attorneys' fee award and REMAND for the sole purpose of inputting the total number of *unsegregated* hours into the lodestar calculation.