**CENTRAL FREIGHT LINES, INC.,**
**Appellant,**

v.

**CLETEX TRUCKING INC., et al., Appellees.**

**No. 5020.**

Court of Civil Appeals of Texas, Waco.

June 24, 1971.

Rehearing Denied July 15, 1971.

Jackson, Walker, Winstead, Cantwell & Miller, Ralph E. Hartman, Jack Pew, Jr., Dallas, for appellant.

Brown, Crowley, Simon & Peebles, George A. Crowley, Fort Worth, Anderson & Anderson, David Anderson, Cleburne, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Central Freight Lines from a judgment for appellees Jackie Ray Ledbetter, et al., in a truck collision case.

Central and Alice Brown (widow of James Brown, Central's driver), sued Cletex and its driver Ledbetter for damage to Central's truck, and wrongful death of Brown, resulting from a collision between Central and Cletex's truck. Cletex and Ledbetter [1] cross acted for damages to the Cletex truck and injuries to Ledbetter.

Trial was to a jury which found a) Ledbetter committed no act of negligence; b) Brown failed to keep a proper lookout which was a proximate cause of the collision; failed to signal a left turn while turning to the left when it appeared other traffic might be affected by such movement, which was a proximate cause; failed to yield the right of way to Ledbetter, which was negligence and a proximate cause; and drove across no passing zone lines which was a proximate cause; c) Brown was in a position of peril; Ledbetter discovered such position of peril; but did not realize that Brown could not and in reasonable probability would not be able to extricate himself from such position of peril; d) Appellees' damages total $37,-644.

The trial court rendered judgment on the verdict for appellees. Appellant Central appeals on 3 points asserting the trial court erred in refusing to grant a new trial because:

1) The jury's answer of "No" to Issue 12, inquiring whether Ledbetter realized that Brown would be unable to extricate himself from the position of peril, is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

2) The jury's answer to Issue 32b finding $10,000 in future pain and suffering for Jackie Ray Ledbetter is excessive (alternatively a substantial remittitur should be required).

3) The jury's answer to Issue 32F finding $12,000 in loss of earning capacity for Jackie Ray Ledbetter is excessive (alternatively a substantial remittitur should be required).

The collision between the two trucks occurred on October 1, 1968 at about 3:20 p. m., on Highway 67 in Johnson County. The weather was clear and the pavement was dry. Highway 67 consisted of two lanes running east and west. The Cletex truck driven by Ledbetter was traveling west; the Central truck driven by Brown was traveling east. The Cletex truck was traveling at 55 miles per hour. Ledbetter, the Cletex driver noticed the Central truck starting to veer into Cletex lane; Ledbetter ·let up on his throttle and put his foot on the brake, and stayed in his own lane close to the right edge of the pavement. The trucks collided; the point of impact was on the asphalt shoulder of Ledbetter's lane; the left front of the Cletex truck hit the right front corner of the Central truck. Brown the Central driver was killed; Ledbetter the Cletex driver was injured; and extensive damage was done to both trucks.

Appellant's first point asserts the jury's answer of "No" to Issue 12 is against the great weight and preponderance of the evidence.

The jury acquitted Ledbetter, the Cletex driver of negligence; found Brown, the Central driver guilty of negligence proximately causing the collision; found in answer to Issue 10, that immediately prior to the collision Brown was in a position of peril; and in answer to Issue 11, that Ledbetter discovered Brown in such position of peril prior to the collision.

1. (joined by General Trucking, Inc., which owned the Cletex truck, and Liberty Mu-tual Insurance Company which had paid workmen's compensation to Ledbetter)

Issue 12: "Do you find from a preponderance of the evidence that Jackie Ray Ledbetter realized prior to the occurrence in question that James Lawrence Brown could not and in reasonable probability would not be able to extricate himself from such position of peril, if any?"

To which the jury answered: "No."

Contingent upon a "Yes" answer to the foregoing the trial court inquired: 13) whether such discovery and realization of the perilous position of Brown was made at such time and distance that by the exercise of ordinary care Ledbetter could have avoided the occurrence; 14) if such was negligence, and 15) a proximate cause of the occurrence. The jury did not answer 13, 14 and 15, since Issue 12 was answered "No."

There is no evidence to show why Brown left his side of the highway and veered into the path of Ledbetter's vehicle. When Ledbetter first observed the Central truck it was coming down the highway toward him in its proper lane and then started to veer across the center stripe into Ledbetter's lane of traffic. Ledbetter testified he took his foot off the accelerator and applied a light pressure to his brakes. He then testified:

"Q. All right, then at that time you knew that an accident was going to take place?

"A. Not at that very moment; no sir. All I knew was that he had started moving over.

"Q. You tell us that you took your foot off the accelerator because a truck coming from the other direction had veered over into your lane of traffic?

"A. Yes, Sir.

"Q. But, you did not believe at that time that a collision was going to take place?

"A. He had time to correct, from moving over, he could have steered back."

*   *   *   *   *   *

"Q. So did it enter your mind that you were the only person who could avoid it?

"A. No, Sir. All I knew was that he was on my side and I was trying to stop."

*   *   *   *   *   *

"Q. All right. Now, you took your foot off the accelerator thinking he might turn back in his own lane?

"A. Yes, Sir.

"Q. So you had to wait and see what he was going to do?

"A. Just a little while tho.

"Q. All right you waited what? A second or two or three.

"A. Maybe.

"Q. And he was still veering across slowly?

"A. Yes. No. It wasn't too awful slow. He was coming over then.

"Q. Then you decided to do what? To apply your brakes.

"A. To mash them on and try to get it stopped."

Ledbetter further testified that he realized "that a collision was going to happen unless something was done"; but this falls short of realizing that "Brown could not and in reasonable probability would not be able to extricate himself."

We must review the evidence as a whole, and the inferences therefrom to determine whether the finding is against the great weight and preponderance of

the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. From such review we think the jury authorized to answer Issue 12 as they did; and that such answer is not against the great weight and preponderance of the evidence. See also: T. & N. O. Ry. v. Hart, 163 Tex. 450, 356 S.W.2d 901; Gentry v. So. Pacific Co., Tex.S.Ct., 457 S.W.2d 889.

Appellant's 2nd and 3rd points assert the jury's award in issue 32b finding $10,-000. for Ledbetter for future pain and mental anguish; and the jury's award in issue 32F finding $12,000. for Ledbetter's loss of earning capacity, are excessive.

Ledbetter was severely injured in the accident of October 1, 1968. An old injury to his left hand was aggravated; he suffered multiple abrasions on the dorsum of the middle and proximal segments of the long and ring finger and the middle segment of the index finger; his hand was operated on in December, 1968; he is to have the ring and long fingers of his left hand amputated which will result in permanent disability. There is a probability that a neuroma will develop and he might get a tender amputation stump. He further sustained injury to his head, neck, face, left shoulder, right leg and left leg. At the time of trial he was still suffering from the injury to his left leg. He has an average remaining life span of 41 years.

■ The awards are not excessive. Further the award of $12,000 loss of earning capacity was not raised or complained of in appellant's amended motion for new trial. Turnbow Petroleum Corp. v. Fulton, 145 Tex. 56, 194 S.W.2d 256; Darryl v. Ford Motor Co., Tex.S.Ct., 440 S.W.2d 630.

Appellant's points are overruled.

Affirmed.

JAMES, J., not participating.

