Dr. H. C. ALLISON, Appellant,

v.

Norman Wayne DOUGLAS, Appellee.

No. 5498.

Court of Civil Appeals of Texas, Waco.

Dec. 18, 1975.

Rogers & Hammond, Michael J. Rogers, Cleburne, for appellant.

Rex Henger, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Dr. Allison from judgment of $5,223.09 for breach of 4 contracts, foreclosure of constitutional and/or mechanics lien on real estate, plus attorneys' fees, in favor of plaintiff Douglas.

Defendant Dr. Allison owns a tract of land in Johnson County called Klondike Estates, which he was developing. Defendant entered 3 written contracts with plaintiff Douglas, an architect-engineer for architectural services in designing and planning a resthome, a condominium apartment complex, and a chapel-library-museum-tomb project, on defendant's land. Defendant orally contracted with plaintiff to produce brochures relative to the projects. The resthome, condominium, and chapel-library-museum-tomb projects were never built. The brochures were produced and delivered to defendant. Plaintiff billed defendant for $5,223.09 for services and expenses under the 3 written contracts and the oral contract. Defendant did not pay and plaintiff sued for the $5,223.09 assertedly due under the 4 contracts; in the alternative for quantum meruit; for foreclosure of a constitutional and/or mechanics lien on defendant's real estate; and for attorneys' fees. Defendant defended on the basis of fraud. Trial was to a jury, pertinent of whose findings are summarized as follows:

1) Douglas and Dr. Allison entered into an agreement whereby Douglas would design and prepare a brochure for Klondike Estates and Dr. Allison would pay him for his time and expenses.

2) Douglas substantially performed that agreement.

2A) Dr. Allison failed to perform such agreement.

3) Douglas was damaged $1564.73 by Dr. Allison's failure to pay for the brochures.

4) thru 12) find for Douglas on quantum meruit for preparing the brochure.

13) The agreements between Douglas and Dr. Allison for architectural services for Klondike Estates terminated due to the fault of others than Douglas.

14) 15) The building projects for Klondike Estates were abandoned; and suspended for more than 3 months.

16) $3,658.36 is reasonable compensation due Douglas for services performed for Dr. Allison on the building projects.

17) and 18) find for Douglas on quantum meruit for architectural services performed.

19) $3,500. is a reasonable attorneys' fee for plaintiff's attorney in the trial court.

20) $2,000. is a reasonable attorneys' fee for plaintiff's attorney in the Court of Civil Appeals.

21) $1,500. is a reasonable attorneys' fee for plaintiff's attorney in the Supreme Court.

22) 31) and 32) find against defendant's defenses.

The trial court rendered judgment on the verdict for plaintiff for $5,223.09; ordered foreclosure of constitutional and/or mechanics' lien for same against defendant's land; plus $3,500. attorneys' fees in the trial court, $2,000. additional attorneys' fees if the case be appealed to the Court of Civil Appeals, and $1,500. additional if the case be appealed to the Supreme Court.

Defendant appeals on 10 points contending:

1) The trial court erred in submitting to the jury inconsistent, irreconcilable theories of recovery to wit: 1) breach of valid express contracts, and 2) quantum meruit, without making one theory of recovery conditional upon the other, because by law a recovery in quantum meruit is inconsistent with a recovery for breach of contract.

2) The trial court erred in submitting issues on attorneys' fees (Issues 19, 20 & 21) because attorneys' fees were not provided for by the contracts and not authorized by Article 2226 VATS.

3) The trial court erred in rendering judgment foreclosing a constitutional and/or mechanics lien on defendant's real estate because there was no lien agreed upon by the parties, nor was there a lien provided for in the contracts.

Contention 1 complains of the trial court submitting issues both on the breach of contracts, and upon quantum meruit. Plaintiff's suit against defendant was for breach of 4 contracts, and in the alternative on quantum meruit.

■ The trial court was authorized to submit both theories to the jury. Rule 48 TRCP. If the jury finds for the plaintiff on express contract, as in the case at bar, the judgment is limited to damages found for breach of contract. *Musick v. Pogue,* Tex. Civ.App., NRE, 330 S.W.2d 696; *Phoenix Lumber Co. v. Houston Water Co.,* 94 Tex. 456, 61 S.W. 707. Here the trial court rendered judgment for the amount of damages found for the breach of the 4 contracts.

■ Moreover the point is not properly before us on this appeal. Defendant on *December 9, 1975,* filed a supplemental transcript which contains his objections to the court charge. It reflects that the trial court signed order overruling such objections December 8, 1975, some 3 months after the case was on appeal in this court, and after the trial court lost jurisdiction of the case. Defendant has thus waived this point. *Evans Young Wyatt, Inc., v. Hood & Hall,* Tex.Civ.App. (Waco) NRE, 517 S.W.2d 313; *Southland Capital Corp. v. Clark & Clark,* Tex.Civ.App. (Waco) NWH, 526 S.W.2d 278.

Contention 2 complains of the trial court's submitting issues on attorneys' fees because attorneys' fees were not provided for by the contracts, and not authorized by Article 2226 VATS.

■ Attorneys' fees in this case are authorized by Article 2226 VATS, as amended in 1971. Such article provides in part: "Any person * * * having a valid claim against a person * * * for services rendered, labor done, material furnished * * may if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees * * * ". Such is applicable to a claim for

services rendered by an architect. *Brown v. Cox,* Tex.Civ.App. (14), NRE, 459 S.W.2d 471. Such case holds "An architect's direct services to an owner are such 'personal services' as are contemplated by Article 2226 * * *." And the foregoing is applicable to plaintiff's services in designing and furnishing the brochures.

■ And if a party is entitled to attorneys' fees under Article 2226 VATS in the trial court he is also entitled to attorneys' fees on appeal. *Int. Sec. Life Ins. Co. v. Spray,* Tex., 468 S.W.2d 347.

Contention 3 complains of the trial court's judgment foreclosing a constitutional and/or mechanics' lien on defendant's land.

■ Defendant has failed to preserve and waived this asserted error by failing to complain of same in his Amended Motion for New Trial. Rule 324 TRCP. *Central Freight Lines, Inc., v. Cletex Trucking, Inc.,* Tex.Civ.App. (Waco) 469 S.W.2d 593; *Turnbow Pet. Corp., v. Fulton,* 145 Tex. 56, 194 S.W.2d 256; *Darryl v. Ford Mtr. Co.,* Tex., 440 S.W.2d 630.

All of defendant's points and contentions have been considered and are overruled.

Affirmed.