**John E. GUNTER, Appellant,**

v.

**Pamela Kay BAILEY, Appellee.**

**No. 08–90–00226–CR.**

Court of Appeals of Texas, El Paso.

March 27, 1991.

Bill G. Alexander, Law Offices of Bill Alexander, P.C., Odessa, John E. Gunter, Midland, for appellant.

C.H. Hal Brockett, Jr., Brockett & Lindemood, Midland, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a suit for attorney's fees, costs and expenses incurred by the Appellant (Gunter) during his representation of the Appellee (Bailey) in a divorce action. We reverse and render in part and remand in part.

The crux of the dispute in this case centers around the hourly rate charged by Mr. Gunter in his representation of Ms. Bailey in her divorce action. Gunter testified that he told Bailey that he would charge her "the going rate." Bailey, however, testified that Gunter stated that he would charge her $100.00 per hour for his legal services. The parties entered no written

agreement. The jury awarded Gunter $7,215.59 as reasonable and necessary attorney's fees and also awarded him $8,250.00 as reasonable and necessary fees incurred in bringing this lawsuit. The jury did not award to Gunter any expenses incurred in representing Bailey or any of the costs of appealing the case to the Court of Appeals and the Supreme Court.

Gunter brings four points of error concerning the jury's failure to award him expenses and appellate costs. Points of Error Nos. One and Two contend the trial court erred in refusing to grant Appellant's motion to disregard the jury's "zero" answer to his reasonable and necessary expenses incurred in prosecuting the lawsuit and find as a matter of law the undisputed evidence conclusively established the sum of $5,208.09.

■ A trial court may not properly disregard a jury's negative finding and substitute its own affirmative finding unless the evidence conclusively establishes the issue. *Clark v. Waggoner*, 452 S.W.2d 437 (Tex. 1970).

Appellant asserts that the Appellee "admits" not disputing the expenses. "[A]dmission refers to a formal act, done in the course of judicial proceedings, which dispenses with the production of evidence and takes the matter out of the domain of proof so that neither court nor jury is required to make any finding in regard to it. This formal judicial admission as it may be termed is really a substitute for evidence. Such admissions include facts admitted by pleadings, by an agreed statement of facts or other stipulation and by formal declaration in open court by a party...." 1A R. Ray, *Texas Practice*, § 1127 (1980). The admission of a fact by a party is binding upon him. *Miller v. Miles*, 400 S.W.2d 4 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r. e.).

The record reveals the following relevant testimony:

Q. Not what Mr. Gunter claims that you owe him but what you say and admit that you owe him; is that true?

A. Yes, Sir. No, between twenty and twenty-one thousand.

. . . . .

Q. So there is no problem about the fact that you—

A. My problem is with the bill. The amount of the hourly rate.

. . . . .

Q. In looking at the expenses that are listed on Plaintiff's Exhibit 1, do you have any quarrel with the fact that there was $5,208.09 worth of expenses that were paid by Mr. Gunter on your behalf?

A. There is only a couple of spots that I have a question on them. Other than that, I don't know. I would have to actually go through them again one by one and discuss them with him.

. . . . .

Q. Have you questioned at any time or disputed the amount of out-of-pocket expense that he (Appellant) has charged you for?

A. I have not.

The testimony of the Appellee does not expressly acknowledge the validity and correctness of the expenses.

■ The only direct evidence of the expenses was proffered by Gunter. The general rule is that evidence given by an interested witness, even though uncontradicted, presents an issue to be determined by the trier of fact. This rule is not without exception, however, and conclusive effect may be given to the testimony of an interested witness provided the testimony is clear, direct and positive and there are no circumstances tending to discredit or impeach the same. There is an added reason for recognizing the exception when the opposite party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so. On the other hand, the basis for recognizing an exception is weakened somewhat when the testimony is such that it could not readily be contradicted if untrue. *Dupree v. Blackmon*, 481 S.W.2d 216, 220 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). The testimony of expenses by the interested witness Gunter were itemized and coincided with the itemization of expenses pleaded in his original petition. The itemization listed the third parties to which the monies were expended. Discovery was available from the time of the filing of the lawsuit to question or disprove any of the items. Consequently, under the facts of this case, the expenses were conclusively proven. Points of Error Nos. One and Two are sustained.

Gunter complains, in Points of Error Nos. Three and Four, that the trial court erred in denying his motion to disregard the jury's zero answer as to appellate costs and that the trial court should have expressly found him to be entitled to $4,500.00 as costs of appeal to the Court of Appeals and $2,500.00 as costs to appeal to the Texas Supreme Court.

■ Gunter testified that an appeal to the Court of Appeals would require approximately sixty hours of work and an appeal to the Texas Supreme Court would require approximately twenty-five to thirty hours of work. Gunter also testified that at the time he represented Bailey, he charged $150.00 per hour; however, he testified that his hourly rate increased to $175.00 per hour. Bailey stated that Gunter told her that he charged $100.00 per hour for legal services. Once a party invokes jurisdiction of the trial court in a case where attorney's fees can be awarded, if the party is required to pay attorney's fees, the award may include attorney's fees for any appeal. *Pleasant Hills Children's Home of the Assemblies of God, Inc. v. Nida*, 596 S.W.2d 947 (Tex.Civ.App.—Fort Worth 1980, no writ); *Allison v. Douglas*, 531 S.W.2d 445 (Tex.Civ.App.—Waco 1975, no writ). Tex.Civ.Prac. & Rem.Code § 38.001 (Vernon 1986), and its predecessor Tex. Rev.Civ.Stat.Ann. art. 2226 (Vernon 1971), which provide for the recovery of attorney's fees, contain the phrase "may recover" reasonable attorney's fees. In *Rampy v. Rampy*, 432 S.W.2d 175, 177 (Tex.Civ. App.—Houston 1968, no writ), the court stated, "[i]t requires no citation of authority that the allowance of attorney's fees,

and the amount thereof, are within the sound discretion of the trial court."

However, more recent authority is to the contrary. The award of reasonable attorney's fees to a plaintiff recovering on a valid claim founded on a written or oral contract preceded by proper presentment of the claim is mandatory. *Caldwell & Hurst v. Myers*, 714 S.W.2d 63 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). If a party is entitled to attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226 in the trial court, he is also entitled to attorney's fees on appeal. *Allison* at 448. This same reasoning would apply to Section 38.-001.

The general rule is that it is within the province of the jury to determine what is the reasonable value of an attorney's services, and the jury may take into consideration the facts before them in relation to the services rendered, as well as the estimates of the value made by attorneys who testified. This testimony is opinion evidence of expert witnesses, which ordinarily is not conclusive. *Gulf Paving Co. v. Lofstedt*, 188 S.W.2d 155 (Tex.1945). The "interested witness" rule, discussed under Points of Error Nos. One and Two would certainly apply. The reasonableness of a predetermined award of attorney's fees in the event of appeal is a question of fact and the award is within the established jurisprudence of this State. *Pullman v. Brill, Brooks, Powell & Yount*, 766 S.W.2d 527 (Tex.App.—Houston [14th Dist.] 1988, no writ). Even though the reasonableness of the amount is ordinarily a matter for the fact finder, the fact finder may not decide in an arbitrary manner. A jury cannot exercise its discretion in assessing damages in a case by ignoring undisputed facts and arbitrarily deny any recovery. *Dupree* at 219. This rational as to damages would extend to the assessment of reasonableness of attorney's fees. Much the same that, in determining whether an award of attorney's fees is excessive, it is the responsibility of the Court of Appeals to draw on the common knowledge of the justices of the court and their experience as lawyers and judges, taking into consideration the testi-

mony, the record and the amount in controversy [*Terminix International, Inc. v. Lucci*, 670 S.W.2d 657 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.)], we look to the testimony, the record in this case and our judicial knowledge, and find the award of "zero" to be arbitrary. Points of Error Nos. Three and Four are sustained.

Judgment of the trial court is reversed, judgment for $5,208.09 in expenses be entered and the cause is remanded for a new trial on the issue of costs of appeal only.