# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2018

Lyle W. Cayce
Clerk

No. 17-10433

AUTOMATION SUPPORT, INCORPORATED, doing business as Technical Support,

> Plaintiff - Appellant

v.

HUMBLE DESIGN, L.L.C.; WARREN DAVID HUMBLE,

> Defendants - Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-4455

ON PETITION FOR REHEARING

Before STEWART, Chief Judge, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The petition for rehearing is DENIED. The court's prior opinion is withdrawn, and this opinion is substituted.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10433

Automation Support, Inc., sued Humble Design, LLC, for theft of trade secrets under the Texas Theft Liability Act. The parties agreed to dismiss the case with prejudice. Humble Design sought attorney's fees, which the district court awarded. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

Automation Support, Inc., which does business as "Technical Support," is a closely-held corporation owned by Renee and Billy McElheney. Technical Support employed David Humble as Vice President until he resigned in July 2013 to start his own company, Humble Design, LLC. When he departed, Humble took documents belonging to Technical Support, including project files, sales quotes, and other materials. Technical Support sued Humble in the United States District Court for the Northern District of Texas in December 2014 under diversity jurisdiction. It alleged breach of contract and of fiduciary duty, tortious interference, misappropriation of trade secrets, and violation of Texas's trade secrets statute, the Texas Theft Liability Act ("TTLA").

Following discovery, Humble moved for summary judgment. Humble argued that if he succeeded on the TTLA claim, he should be awarded attorney's fees under the "loser pays" provision of the statute. *See* TEX. CIV. PRAC. & REM. CODE § 134.005(b). Before filing a reply, Technical Support approached Humble and obtained his agreement to file a Joint Stipulation of Voluntary Dismissal with Prejudice for all alleged claims. In that August 2016 stipulation, Humble expressly reserved the right to pursue attorney's fees per his summary judgment motion.

Two weeks after the dismissal, Humble filed a motion under Federal Rule of Civil Procedure 54 seeking attorney's fees and costs. Technical Support raised two primary objections: (1) the court was powerless to award attorney's fees because the parties effectively terminated the case through their

voluntary dismissal, and (2) Humble could not qualify as a prevailing party based on a voluntary dismissal. In February 2017, the court awarded Humble approximately $69,000 in attorney's fees and costs. Technical Support timely appealed.

In April 2017, Technical Support filed a motion for relief from judgment under Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6). Under Rule 60(b)(4), Technical Support argued that the attorney's fee award was void because Texas amended the TTLA prior to the alleged theft. Under Rule 60(b)(6), it argued that in the interest of justice, the district court should vacate the judgment to correct the erroneous holding that Humble was a prevailing party under the TTLA. In May 2017, the district court held that relief should not be granted under either Rule 60(b)(4) or Rule 60(b)(6). Technical Support then filed a notice of appeal of the denial of the motion.

We have consolidated the appeals of the attorney's fees award and the denial of the Rule 60(b) motion.

## DISCUSSION

Under Texas law, the recovery of attorney's fees is permissible only if authorized by statute. *Merritt Hawkins & Assocs., LLC v. Gresham*, 861 F.3d 143, 155 (5th Cir. 2017) (citing *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011)). We have held the TTLA not only permits an attorney's fee award, it is mandatory for a party who prevails in a suit. *Id.*

Technical Support raises two issues on appeal. First, it argues that the district court lacked subject matter jurisdiction to award attorney's fees under the TTLA because Humble's alleged theft occurred after the statute's partial-repeal. Second, Technical Support argues that even if the award is not void, the district court nonetheless erred in concluding that Humble qualifies as a prevailing party.

No. 17-10433

*I.     Validity of district court's order under Rule 60(b)(4)*

Under Rule 60(b)(4), a party may request relief from a void judgment. *See* FED. R. CIV. P. 60(b)(4).  Here, Technical Support's Rule 60(b)(4) motion argued that because the trade secrets provision of the TTLA was repealed at the time of Humble's alleged theft, the district court lacked subject matter jurisdiction to award attorney's fees under the TTLA, and the judgment is therefore void.

Humble argues that Technical Support waived the opportunity to bring a Rule 60(b)(4) motion because it failed to raise the issue of voidness when it opposed Humble's original Rule 54 motion for attorney's fees.  We disagree, because a Rule 60(b)(4) motion challenging subject matter jurisdiction can be filed at any time.  *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 142–43 (5th Cir. 1996).

We review the denial of a Rule 60(b)(4) motion *de novo*.  *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003).  "We have recognized two circumstances in which a judgment may be set aside under Rule 60(b)(4): 1) if the initial court lacked subject matter or personal jurisdiction; and 2) if the district court acted in a manner inconsistent with due process of law."  *Id.*  We have clarified, though, that "[a] judgment is not void merely because it is erroneous."  *N.Y. Life*, 84 F.3d at 143 (citation omitted).  Accordingly, "a Rule 60(b)(4) challenge to jurisdiction should be sustained only where there is a 'clear usurpation of power' or 'total want of jurisdiction.'"  *Callon Petroleum*, 351 F.3d at 208 (quoting *Nemaizer v. Baker*, 793 F.2d 58, 64–65 (2d Cir. 1986)).

As noted above, Texas law controls attorney's fee awards with regard to TTLA claims.  *Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 473 (5th Cir. 2016).  On September 1, 2013, two months after Humble's departure, Texas enacted the Texas Uniform Trade Secrets Act ("TUTSA"), which

4

removed trade secret theft from the TTLA and introduced a heightened standard for attorney's fee awards in trade secrets cases. *See* Act of May, 2013, 83d Leg., R.S., ch. 10, §§ 1–3, 2013 Tex. Gen. Laws 14 (West). Such a change is relevant because in Texas "[t]he repeal of the statute . . . deprives a court of subject matter jurisdiction over the cause." *Quick v. City of Austin*, 7 S.W.3d 109, 128 (Tex. 1999). Technical Support argues that Humble's conduct failed to constitute theft until November 2013, and by that time the TTLA no longer authorized an award of attorney's fees in such cases. We must therefore determine whether the September 2013 partial-repeal of the TTLA deprived the district court of subject matter jurisdiction to award attorney's fees to Humble.

Technical Support cites to Section 3 of the session law for TUTSA, which states: "The change in law made by this Act applies to the misappropriation of a trade secret made on or after the effective date of this Act. A misappropriation of a trade secret made before and a continuing misappropriation beginning before the effective date of this Act are governed by [the TTLA]." Act of May, 2013, 83d Leg., R.S., ch. 10, § 3, 2013 Tex. Gen. Laws 14 (West). Whether the TTLA provided statutory authorization to award attorney's fees therefore turns on the date of Humble's alleged theft and whether it occurred prior to the enactment of TUTSA on September 1, 2013.

Humble argues that the allegations of the complaint should supply the relevant date of the theft. It is undisputed that Humble left Technical Support on July 17, 2013. The complaint alleges that before Humble left Technical Support, he "misused Technical Support's resources to further his own company[.]" It further alleges that "[a]fter leaving Technical Support, Humble stole Technical Support's customer documentation and used this information to further the business of Humble Design[.]" Because the parties do not dispute that Humble took certain project files, sales quotes, and other

documents when he departed on July 17, the TTLA is the substantive law of decision. Technical Support failed to limit the complaint's allegations to actions occurring after September 1, which means it cannot retroactively curtail the reach of the complaint to exclude the period between July 17 and September 1.

Technical Support argues that based on what it allegedly learned in discovery, the earliest instance in which Humble utilized stolen information occurred in November 2013. In support of its argument that November 2013 was the earliest date Humble could have broken the law, Technical Support cites to the definition of "misappropriation" provided by TUTSA, which as we already indicated went into effect September 1, 2013. Under TUTSA, "misappropriation" includes "disclosure or use of a trade secret" without consent. TEX. CIV. PRAC. & REM. CODE § 134A.002(3)(B). Technical Support argues that under this definition, Humble failed to actually use or disclose the information he stole until November 2013, well after the repeal of the TTLA.

The problem with this argument is that we must also consider the definition of "theft" under the TTLA for allegations occurring prior to September 1, 2013 — a definition covering a broader category of actions than "misappropriation" under TUTSA. Under the TTLA, theft encompasses knowingly stealing a trade secret but does not require subsequent "disclosure or use" as does TUTSA. TEX. PEN. CODE § 31.05(b)(1) (providing the definition of theft previously incorporated by the TTLA). Under this definition, it is undisputed that Humble took confidential information with him when he departed Technical Support in July 2013, prior to the TTLA's partial-repeal in September.

It was therefore appropriate for the district court to rely on the TTLA as the requisite statutory grant of authority to award attorney's fees, and it did

not err in denying Technical Support's Rule 60(b)(4) motion for lack of subject matter jurisdiction.

## II.    *Humble as a prevailing party*

In the alternative, Technical Support argues that the district court erred in granting Humble's Rule 54 motion for attorney's fees because he was not a prevailing party under the TTLA.[1]

We generally review an attorney's fee award for an abuse of discretion when the district court is determining, for example, a reasonable fee amount. *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008).  For claims under the TTLA, a prerequisite for the district court's exercise of its discretion is that a party seeking attorney's fees be a prevailing party.  *Merritt*, 861 F.3d at 155.  "[W]hether a party is a prevailing party 'is a legal question subject to *de novo* review.'"  *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422–23 (5th Cir. 2009) (quoting *Bailey v. Mississippi*, 407 F.3d 684, 687 (5th Cir. 2005)).

Under the TTLA, "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE § 134.005(b).  Here, Technical Support and Humble agreed to a voluntary dismissal of the case with prejudice.  Technical Support argues that the nature of a voluntary dismissal with prejudice precludes Humble from being classified as a prevailing party under the TTLA, focusing on a single Supreme Court case in support.  *See Buckhannon Bd. and*

---

[1] Technical Support twice challenged Humble's status as a prevailing party — first when it opposed Humble's Rule 54 motion and later under its subsequent Rule 60(b)(6) motion.  Because Technical Support fails to raise any arguments on appeal challenging the district court's denial of its Rule 60(b)(6) motion, we limit our analysis of the prevailing party issue to the standard of review applied to Rule 54 motions.  *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

*Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.*, 532 U.S. 598, 605 (2001).  It argues that in *Buckhannon*, the Court premised prevailing party status on the presence of a judgment or other judicially sanctioned relief.  Although we cannot locate such language in *Buckhannon*, the opinion does state that "[o]ur precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties."  532 U.S. at 605.  Indeed, the notion of a change in the legal relationship between the parties correlates with the test embraced both by Texas and the Fifth Circuit for determining prevailing party status.  Accordingly, we have held that *Buckhannon* did not alter the Fifth Circuit's "longstanding principle that 'a dismissal with prejudice is tantamount to a judgment on the merits[.]'"  *U.S. ex rel. Long v. GSDMIdea City, LLC*, 807 F.3d 125, 128 n.2 (5th Cir. 2015) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985)).

The Texas Supreme Court has analyzed the language of *Buckhannon*, concluding that "[a]s the Fifth Circuit has observed, a dismissal or nonsuit with prejudice is 'tantamount to a judgment on the merits.'"  *Epps*, 351 S.W.3d at 868 (quoting *Dean v. Riser*, 240 F.3d 505, 509 (5th Cir. 2001)).  Further, "[t]he res judicata effect of a nonsuit with prejudice works as a permanent, inalterable change in the parties' legal relationship to the defendant's benefit . . . .  As such, we hold that a defendant is a prevailing party when a plaintiff nonsuits a case with prejudice."  *Id.* at 868–69 (citations omitted).

In response, Technical Support argues that the language in *Epps* discussing nonsuits with prejudice is dicta.  This argument fails because the court relied on its description of nonsuits *with* prejudice to help provide the basis for the effect of nonsuits *without* prejudice.  *See id.* at 869.  In the alternative, Technical Support attempts to distinguish *Epps* by arguing that in Texas, a party may nonsuit a case *without* prejudice later into the life of a

case than federal courts allow under Rule 41. Because Rule 41 requires opposing party stipulation for dismissals following a motion for summary judgment, Technical Support argues that the only way it could have secured a stipulation from Humble was to agree to a dismissal with prejudice. This argument fails for two reasons. First, Rule 41 does not preclude an opposing party from stipulating to a dismissal without prejudice, making the alleged conflict with Texas law purely speculative. *See* FED. R. CIV. P. 41(a)(1). Second, Technical Support merely alludes to a potential conflict of law issue, failing to cite a single case in support. "A party who inadequately briefs an issue is considered to have abandoned the claim." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

Humble was a prevailing party under the TTLA.

### III.    *Remand to award appellate attorney's fees*

Humble requests that we remand the case for an award of appellate attorney's fees. He identifies the same provision of the TTLA entitling a prevailing party to attorney's fees as the basis for also recovering appellate attorney's fees. TEX. CIV. PRAC. & REM. CODE § 134.005(b). Technical Support failed to challenge the issue of appellate attorney's fees in its reply brief.

Again, we apply Texas law when determining whether to award attorney's fees under the TTLA. *Spear Mktg.,* 844 F.3d at 473. We have previously held that "Texas law further provides that a party entitled to recover attorneys' fees at trial is also entitled to recover them for successfully defending the case on appeal." *DP Sols., Inc. v. Rollins, Inc.,* 353 F.3d 421, 436 (5th Cir. 2003) (citing *Gunter v. Bailey*, 808 S.W.2d 163, 166 (Tex. App.—El Paso 1991, no writ)). We recently applied *DP Solutions* to attorney's fee awards under the TTLA. *Merritt*, 861 F.3d at 155–57. As in *DP Solutions*, Humble is

therefore "entitled to attorneys' fees relating to its defense of the district court judgment in this appeal." 353 F.3d at 436.

We AFFIRM the district court's award of attorney's fees, AFFIRM the district court's denial of Technical Support's Rule 60(b) motion, and REMAND for the district court to determine the proper amount of attorney's fees to award Humble for this appeal.