

NUMBER 13-17-00565-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DAVID MCINTYRE AND
MADELEINE CONNOR,                                             **Appellants,**

**v.**

ERIC CASTRO, ET AL.,                                                 **Appellees.**

On appeal from the 419th District Court
of Travis County, Texas.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria**

Appellants David McIntyre and Madeleine Connor appeal from the granting of
appellees' motion to dismiss under the Texas Citizens Participation Act (TCPA). By ten
issues, appellants argue the trial court erred in granted the motion to dismiss. We affirm.

# I. BACKGROUND AND PROCEDURAL HISTORY[1]

McIntyre and Connor originally filed their action against appellees Eric Castro, Nancy Naeve, Gary Sertich, Leah Stewart, and Chuck McComick, in Texas state court. In appellants' Sixth Amended Original Complaint, they alleged that in 2012 the Lost Creek Municipal Utility District (MUD) began a plan to install sidewalks in the Lost Creek neighborhood. Appellants, and other neighborhood homeowners, opposed the plan. According to appellants' complaint, in September 2013, the plan was rejected in a neighborhood referendum. Appellants asserted seven counts in their Sixth Amended Complaint. In the first six they sought declaratory relief, declaring appellees acted outside the scope of their authority under the Texas Constitution and Texas statutes, as well as contrary to the will of their constituents, in using taxpayer and utility district funds to construct sidewalks. In their seventh count appellants sought monetary damage under 42 U.S.C. § 1983 for retaliation by appellees in response to appellants' exercise of their rights under the First Amendment to the United States Constitution. *See* 42 U.S.C.A. § 1983 (West, Westlaw through P.L. 115-223).

Appellees removed the case to the United States District Court, Western Division of Texas, based on appellants' federal cause of action. The federal district court dismissed appellants' federal cause of action and remanded the state law claims to state court. Appellants appealed to the United States Fifth Circuit Court of Appeals.

On April 14, 2016, during the pendency of their federal appeal, appellants filed their Seventh Amended Original Petition in state court. In this petition, the first five counts

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case was transferred to this Court from the Third Court of Appeals in Austin. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

under state law remained unchanged; but in their sixth count, as amended, appellants sought an additional declaration that appellees exceeded their authority by using tax funds to draft a bar ethics complaint against appellant Connor. Count seven remained a federal claim under section 1983 for the violation of Connor's First Amendment rights, though appellants restyled it as an "abridgment" claim rather than "retaliation." On April 19, 2016, appellees again removed the case to federal district court.

On May 5, 2016, appellees filed a "Motion to Dismiss Pursuant to Rule 12(b)(1), 12(b)(6) and Chapter 27 of the Texas Civil Practice & Remedies Code" in the federal district court. On May 20, 2016, the federal district court rendered an order staying the cause and abating "all pending matters, settings, and deadlines." The Fifth Circuit issued its opinion affirming the federal district court's order on October 27, 2016, and the federal district court lifted the stay on March 21, 2017. On April 10, 2017, appellees filed their motion to set hearing on their motion to dismiss, which appellants opposed. On April 25, 2017, the federal district court dismissed appellants' federal cause of action and remanded the state law claims to state court.

On May 8, 2017, appellees then filed their Plea to the Jurisdiction, Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code, and Motion to Dismiss Pursuant to Section 101.106 of the Texas Civil Practice and Remedies Code in state court, relating to appellants' remaining state causes of action. On May 15, 2017, a hearing on the motion was set for May 30, 2017 and notice of hearing was issued. On May 26, 2017, appellant Connor nonsuited her personal state law claims without prejudice. On May 29, 2017, appellants filed their Eighth Amended Original Petition and in response, appellees filed "Defendants' Supplement to Fourth Supplemental Plea to the

3

Jurisdiction and Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code (TCPA)." In their eighth amended petition, appellants amended Connor's nonsuited personal claims for "(1) the abridgement of [appellant's] clearly established rights to free speech, assembly, and the right to petition the government for redress of grievances, and (2) for retaliation for exercising those rights" to reassert the claims with McIntyre as the injured party.

On May 30, 2017, a hearing was held on appellees' plea to the jurisdiction and motions to dismiss. The trial court made a determination to have the case heard by submission on the live pleadings filed the day before. The trial court advised appellees to update their motions to specifically address appellants' eighth amended petition and appellees filed "Defendants' Fifth Supplemental Plea to the Jurisdiction, Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code, and Motion to Dismiss Pursuant to Section 101.106 of the Texas Civil Practice & Remedies Code" the evening of the hearing. Further, the trial court gave appellants the opportunity to respond to the most recent plea to the jurisdiction and motions to dismiss no later than June 6, 2017 and noted that no additional amended petitions would be entertained.

On May 30, 2017, after appellees filed their updated motions, appellant McIntyre filed a "Notice of Nonsuit" dismissing all of his claims with prejudice. Subsequently, on June 5, 2017, appellants filed their "Objections to Defendants' Setting on Motion to Dismiss, Request to Deny Motion to Dismiss, and/or Motion to Strike Notice of Hearing on Defendants' Motion to Dismiss," to which appellees replied.

After the June 6, 2017 deadline imposed by the trial court, appellants filed their "Response to Defendants' Motion to Dismiss Under the TCPA," to which appellees

4

replied. On June 26, 2017, the trial court issued an "Order Granting Defendants' Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code." The order also awarded attorneys' fees in the amount of $2,124.00 and costs of $76.67 against appellants and sanctioned appellants in the amount of $500.00. Furthermore, the order stated that should appellants choose to appeal the order and be unsuccessful, appellees "shall be awarded an additional $15,000.00 in attorneys' fees." Appellants filed a motion for new trial on July 24, 2017, and the trial court advised the parties that it would not issue any further rulings on the matter. This appeal followed.

## II. DISCUSSION

Appellants raise ten issues arguing: (1) a state district court cannot hear and decide a motion to dismiss under the TCPA that had already been denied by the federal Western District of Texas; (2) a state district court cannot hear and decide a motion to dismiss under the TCPA more than a year after it was initiated in federal court; (3) the TCPA does not allow holding a hearing past ninety days, even if a district court determines that the hearing was held by agreement; (4) the existing Texas case law permitting a district court's award of prospective attorneys' fees on appeal chills an appellant's right to appeal and offends principles of public policy and due course of law/due process under the Texas and United States Constitutions; (5) a district court cannot order attorneys' fees and sanctions on a motion to dismiss where no evidence is submitted in the motion or presented to the trial court at a hearing; (6) appellant Connor provided clear and specific evidence of each and every element of her claims against appellees, defeating dismissal; (7) the TCPA is unconstitutional as applied to appellants; (8) the TCPA offends the Texas Constitution's right to trial by jury; (9) the amount of prospective appellate fees awarded

5

by the district court was disproportionate to the fees awarded on the motion to dismiss; and (10) the trial court erred in assessing fees and sanctions jointly and severally against appellants when the claims sought to be dismissed under the TCPA were brought only by appellant Connor.

## A. Res Judicata

By their first issue appellants argue that the trial court did not have jurisdiction over appellees' motions to dismiss because the federal district court had already denied the motion. Appellants argue that the order from the federal district court granting appellees' motion to dismiss the federal causes of action and remanding the state law claims to state court fully adjudicated the issue and therefore, the state district court lacked jurisdiction to proceed on the motions.

Appellants' argument is based on the doctrine of res judicata. The doctrine of res judicata is an affirmative defense that prevents parties and their privies from relitigating a cause of action that has been finally adjudicated by a competent tribunal. *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206–07 (Tex. 1999); *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992). In support of their position, appellants direct the Court's attention to the conclusion of the federal district court's order, which in relevant part states: "For the foregoing reasons, the Court **GRANTS IN PART** Defendants' Motion to Dismiss. Plaintiffs' claims under 42 U.S.C. § 1983 are dismissed. Plaintiffs' remaining claims are **REMANDED** to the 419th Judicial District Court of Travis County, Texas." (Emphasis in original). Appellants argue that this order is a final adjudication of all the issues raised in appellees' motions to dismiss, however, the federal district court clearly remanded the remaining state law claims to the state district court for

6

adjudication. Appellants point to no case law, nor do we find any, to support the contention that claims are considered fully adjudicated when remanded from federal to state district court.

We overrule appellants' first issue.

**B.   TCPA**

**1.      Applicable Law**

Chapter 27 of the Texas Civil Practice & Remedies Code, also known as the TCPA, is an anti-SLAPP statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001– .011 (West, Westlaw through 2017 1st C.S.); *Serafine v. Blunt*, 466 S.W.3d 352, 356 (Tex. App.—Austin 2015, no pet.). "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation." *Serafine*, 466 S.W.3d at 356. The TCPA provides a procedure for expeditiously dismissing a non-meritorious legal action that is based on, relates to, or is in response to the party's exercise of the right of free speech, which is defined as a communication made in connection with a matter of public concern. *See Hersh v. Tatum,* 526 S.W.3d 462, 463 (Tex. 2017). In other words, the TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits. *See In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015). The legislature has instructed that the TCPA "shall be construed liberally to effectuate its purpose and intent fully." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(b); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017); *see also Mohamed v. Ctr. for Sec. Policy*, No. 05-17-00278-CV, 2018 WL 3372921, at *2 (Tex. App.—Dallas July 11, 2018, no pet. h.) (mem. op.).

7

The statute has a series of fairly tight deadlines to allow a party to obtain early dismissal of certain causes of action. *Wakefield v. British Med. Journal Publ'g Grp., Ltd.,* 449 S.W.3d 172, 177 n.3 (Tex. App.—Austin 2014, no pet.). A hearing on a TCPA-based motion to dismiss must be set not later than the sixtieth day after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but "in no event shall the hearing occur more than 90 days after service of the motion . . . , except as provided by Subsection (c)." *Id.* § 27.004(a). Under subsection 27.004(c), if the court allows specified and limited discovery relevant to the motion, it "may extend" the period for holding a hearing up to 120 days after the service of the motion. *Id.* § 27.004(c). No discovery was ordered on the motions filed in this case.

### 2. Deadline to Set Hearing

In issues two and three, appellants contend that appellees' motion to dismiss was heard outside of the deadline set in the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.004(a). Here, appellees timely filed their motion to dismiss in the federal district court on May 5, 2016 and sought a setting for hearing in the same motion. On May 20, 2016, the federal district stayed the cause of action during the pendency of appellants' appeal to the Fifth Circuit. The order stated, in relevant part:

> The above entitled cause of action is hereby **STAYED** during the pendency of [appellants'] appeal. All pending matters, settings, and deadlines in this case are **ABATED** pending further order from this Court. [Appellant] is directed to notify the Court upon resolution of the appeal. The District Clerk's Office is directed to administratively close this case until the termination of the appeal proceedings.

(Emphasis in original). The stay was lifted on March 21, 2017. On April 10, 2017, appellees filed another request to set a hearing on their motions to dismiss, stating that,

8

considering the stay, the deadline to set the hearing was May 22, 2017. The federal district court issued an order on April 25, 2017, dismissing appellants' federal causes of action and remanding the state claims back to state court.

Appellants argue that the deadline by which appellees needed to set the hearing was sixty days following the filing of the motions to dismiss in federal court on May 5, 2016, which appellants calculated to be July 4, 2016. However, appellants calculate this date based on a motion filed in federal court, not the state court motion that was heard and was made the basis for this appeal. The May 5, 2016 motion was filed in federal district court and was disposed of by the federal district court in its order of April 25, 2017. After the remand to state court, appellees filed their amended answer and their motions to dismiss in state court on May 8, 2017. On May 15, 2017, a hearing on the motions to dismiss was set for May 30, 2017 and notice of said hearing was sent to both parties. Therefore, the sixty-day deadline began upon the filing of the motion in state court, May 8, 2017, and the hearing was set and held within the statutory time limits.

Appellants' second and third issues are overruled.

### 3. Dismissal under TCPA

By their sixth issue, appellants contend that appellant Connor provided clear and specific evidence of each and every element of her claims, defeating dismissal.

To obtain a dismissal under the TCPA, a defendant must show "by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of: (1) the right to free speech; (2) the right to petition; or (3) the right of association." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). We review this determination de novo. *See Levatino v. Apple Tree Café Touring, Inc.*, 486 S.W.3d

9

724, 727 (Tex. App.—Dallas 2016, pet. denied). The burden then shifts to the non-movant to establish by clear and specific evidence a prima facie case for each element of the claim in question. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). The statute does not define "clear and specific evidence," but the phrase has been interpreted to impose more than "mere notice pleading." *In re Lipsky*, 460 S.W.3d at 590–91. Instead, a plaintiff must "provide enough detail to show the factual basis for its claim." *Id.* at 591. Although the TCPA initially demands more information about the underlying claim, the TCPA does not impose an elevated evidentiary standard or categorically reject circumstantial evidence. *Id.*

If the non-movant fails to meet this burden, the trial court must dismiss the action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). However, even when the non-movant satisfies its burden, the court will dismiss the action if the defendant "establishes by a preponderance of the evidence each essential element of a valid defense" to the plaintiff's claim. *Id.* § 27.005(d).

Here, appellant Connor filed a notice of non-suit of all of her claims against appellees, however, she did not do so with prejudice. Appellees, therefore, moved forward with their motions, seeking the affirmative relief of dismissals of Connor's and McIntyre's claims, with prejudice.

### a. Did Appellees Show that the TCPA Applied to the Claims?

In this case, appellants do not contest the fact that the lawsuit is based on, relates to, or is in response to appellees' exercise of: (1) the right to free speech; (2) the right to petition; or (3) the right of association. *See id.* § 27.005(b). Accordingly, we proceed to the second step of the TCPA analysis.

### b. Did Appellants Establish a Prima Facie Case for Each Element of their Claims?

Next, we consider whether appellants established, by clear and specific evidence, a prima facie case on their causes of action for (1) defamation and (2) intentional infliction of emotional distress.

Defamation's elements include (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases. *In re Lipsky*, 460 S.W.3d at 593. The status of the person allegedly defamed determines the requisite degree of fault. A private individual need only prove negligence, whereas a public figure or official must prove actual malice. *Id.* Finally, the plaintiff must plead and prove damages, unless the defamatory statements are defamatory per se. *Id.* Defamation per se refers to statements that are so obviously harmful that general damages may be presumed. *Id.*; *Hancock v. Variyam*, 400 S.W.3d 59, 63–64 (Tex. 2013).

Intentional infliction of emotional distress requires that: (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the emotional distress suffered by the plaintiff was severe. *Hardin v. Obstetrical and Gynecological Associates P.A.*, 527 S.W.3d 424, 436 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

As evidence of these claims, appellants point to the Seventh Amended Petition and the affidavits attached thereto. The claim for defamation in the Seventh Amended Petition is:

> Specifically, [appellees] orchestrated a campaign to post a slanderous 'public censure,' falsely stating that Connor had violated bylaws of the neighborhood association and that she 'unilaterally' took actions in

11

appointing volunteers to the LCNA architectural control committee. This publication contained false and untrue statements and disparaged Connor's reputation in the community and to the detriment of her profession.

. . . .

[Appellees'] conduct in orchestrating a mob against Connor and posting libelous information about her on the world-wide-web was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and is atrocious and utterly intolerable in a civilized community.

Appellants contend that the petition, containing allegations of defamation and intentional infliction of emotional distress, was "sufficient in and of itself to survive the motion to dismiss." We disagree.

Appellants fail to state what the slanderous statement was, how it was false, and how the statement defamed Connor's professional reputation. Further, appellants fail to explain how they were emotionally distressed, and if they were, appellants provide nothing to show that the distress was severe. Appellants also argue that the supporting affidavits provided evidence of the elements of both claims. However, "[b]are, baseless opinions do not create fact questions, and neither are they a sufficient substitute for the clear and specific evidence required to establish a prima facie case under the TCPA." *In re Lipsky*, 460 S.W.3d at 592–93 (citing *Elizondo v. Krist*, 415 S.W.3d 259, 264 (Tex.2013) ("Conclusory statement[s] . . . [are] insufficient to create a question of fact to defeat summary judgment.")). Neither the pleadings nor the affidavits are based on more than conclusory statements. *See Elizondo*, 415 S.W.3d at 265. Without more, we cannot conclude that appellants provided clear and specific evidence of each element of either the defamation claim or the intentional infliction of emotional distress claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c).

We overrule appellants' sixth issue.

12

### 4. Constitutionality of the TCPA

By their seventh and eighth issues, appellants challenge the constitutionality of the TCPA, arguing that it is unconstitutional as applied to themselves and that it offends their right to a trial by jury as afforded to them in the Texas Constitution.

However, this argument was waived due to failure to present it to the trial court. *See* TEX. R. APP. P. 33.1(a); *see also Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 222 (Tex. 2002) ("A litigant must raise an open-courts challenge in the trial court."); *In re Doe 2*, 19 S.W.3d 278, 284 (Tex. 2000) (attacks on the presumption that a statute is constitutional should be raised as an affirmative defense through appropriate pleadings before the trial court); *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Services, Inc.*, 441 S.W.3d 345, 352 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (same).

We overrule appellants' seventh and eighth issues.

## C. Attorneys' Fees and Sanctions

By their fourth, fifth, ninth, and tenth issues appellants question the award of attorneys' fees and sanctions.

### 1. Applicable Law and Standard of Review

A successful motion to dismiss under the Act entitles the moving party to an award of court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action. TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a).

Fixing a reasonable attorney's fee is a matter within the sound discretion of the trial court, and its judgment will not be reversed on appeal absent a clear abuse of discretion. *See Rowley v. Lake Area Nat'l. Bank*, 976 S.W.2d 715, 724 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). Under this standard, legal and factual sufficiency

are not independent grounds of error, but rather are relevant factors in assessing whether the trial court abused its discretion. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). Whether attorney's fees are reasonable and necessary is a fact question. *See Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010). Thus, an abuse of discretion does not occur where the trial court bases its decision on conflicting evidence. *See Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). The fact finder can consider, among other things, the nature and complexity of the case, the amount in controversy, the amount of time and effort required, and the expertise of counsel in arriving at a reasonable amount of attorney's fees. *See, e.g.*, *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

### a.     Award of Prospective Appellate Fees

Appellants challenge the trial court's award for prospective appellate fees in their fourth and ninth issues.

In their fourth issue, appellants contend that the awarding of attorneys' fees on a prospective appeal "chills an appellant's right to appeal and offends principles of public policy and due course of law/due process under the Texas and United States Constitutions." While acknowledging that the awarding of attorney's fees for prospective appeals is commonplace in Texas, appellants contend that in this case it was "distasteful" and "entirely unconstitutional and offensive to one's absolute right to appeal. . . ." We are unpersuaded by these contentions.

Appellants do not cite to, nor do we find, any case law or argument to support the contention that the awarding of prospective attorney's fees is unconstitutional. On the contrary, the award of conditional appellate attorney's fees has routinely been upheld as

14

being "within the established jurisprudence of this State." *Pullman v. Brill, Brooks, Powell & Yount*, 766 S.W.2d 527, 530 (Tex. App.—Houston [14th Dist.] 1988, no writ) (rejecting the argument that "the predetermined award of attorney's fees in the event of appeal is unconstitutional as a violation of due process, or as a limitation on the right to access to the courts."); *see Gunter v. Bailey*, 808 S.W.2d 163, 166 (Tex. App.—El Paso 1991, no writ); *see also Gilbert v. City of El Paso*, 327 S.W.3d 332, 336–37 (Tex. App.—El Paso 2010, no pet.).

We overrule appellants' fourth issue.

Appellants argue by their ninth issue that the amount of prospective attorneys' fees imposed by the trial court was disproportionate to the trial fees awarded on the motions to dismiss. The cases relied on by appellants to support their argument are not in line with the issue raised. *See Armstrong Forest Prods. v. Redempco, Inc.*, 818 S.W.2d 446, 453 (Tex. App.—Texarkana 1991, writ denied) (addressing the reasonableness of an award of attorneys' fees in relation to the circumstances of the case, not dealing with prospective attorneys' fees on appeal); *see also Thomas v. Bobby D. Assocs.*, No. 12-08-00007-CV, 2008 WL 3020339, at *4 (Tex. App.—Tyler Aug. 6, 2008, no pet.) (mem. op.) (discussing the reasonableness of attorneys' fees in relation to actual damages awarded in breach of contract claim). Appellants also argue that the amount of prospective attorneys' fees is punitive. No case law in support of this contention is offered, nor do we find any.[2]

---

[2] Appellants cite to *Texas Standard Oil & Gas, L.P. v. Frankel Offshore Energy, Inc.*, 344 S.W.3d 628, 632 (Tex. App.—Houston [14th Dist.] 2011, no pet.), *disapproved of by In re Corral-Lerma*, 451 S.W.3d 385 (Tex. 2014). However, this case addresses post-judgment interest on punitive damages, not appellants' contention that prospective attorneys' fees on appeal must bear a reasonable relationship to the amount of attorneys' fees awarded for the underlying action. *See id.*

15

Appellants' ninth issue is overruled.

### b.     Award of Attorneys' Fees and Sanctions

Appellants challenge the award of attorneys' fees and sanctions in their fifth and tenth issues.

By their fifth issue, appellants argue that the trial court erred in awarding attorneys' fees and sanctions because there was no evidence in the motion to support such a ruling.

Appellants argue that there was insufficient evidence to support the amount, reasonableness, and necessity of such fees. Appellants contend that the affidavit submitted by appellees is inadmissible because it was submitted in their reply brief to the trial court more than eleven months after the initial motion was filed. However, appellees addressed their request for attorneys' fees and sanctions in their initial motion and provided support for their fee request both at the hearing on the motion to dismiss as well as in subsequent filings. Appellees' affidavit, signed by attorney Scott Tschirhart, addressed the hourly rates for the attorneys of record and the paralegals. Attached to the affidavit were redacted billing records and invoices which reflected the amount of fees as $11,480.50 and costs as $112.77.

Furthermore, while appellants claim that there is "an absolute dearth of timely and challengeable evidence regarding attorneys' fees," they provide no argument or support for such a statement. Based on the evidence adduced, the trial court was within its discretion to award reasonable attorneys' fees and costs in the amount of $2,124 and $76.67, respectively, upon dismissal of appellants' claims under the TCPA. *See Cruz v. Van Sickle*, 452 S.W.3d 503, 522 (Tex. App.—Dallas 2014, pet. struck); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1) ("If the court orders dismissal of a legal action

16

under this chapter, the court shall award to the moving party: (1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require. . . .").

Appellants also argue that the trial court erred by ordering sanctions against appellants. They contend that appellees presented no evidence to support an award of sanctions, nor did they make a claim for sanctions. We disagree. The TCPA provides:

> If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:
>
>> (2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(2). In their motions to dismiss, appellees specifically made a claim for sanctions to be awarded against appellants pursuant to the applicable code. The trial court must award sanctions under section 27.009, the amount of which is within the trial court's discretion. *See id.*; *see also Hawxhurst v. Austin's Boat Tours*, No. 03-17-00288-CV, 2018 WL 1415109, at \*7 (Tex. App.—Austin Mar. 22, 2018, no pet.).

We overrule appellants' fifth issue.

In their tenth issue, appellants argue that the trial court erred in assessing the attorneys' fees and sanctions jointly and severally against both Connor and McIntyre because the "claims sought to be dismissed under the TCPA were brought only by Appellant Connor." However, appellees' motions sought to dismiss both Connor's and McIntyre's claims against them. In any event, appellants do not support their tenth issue with argument or reference to authority. The appellate rules require a brief to contain a clear and concise argument for the contentions made with appropriate citations to

17

authorities and to the record, and appellants' conclusory statements unsupported by relevant legal citations do not comply with appellate briefing requirements. TEX. R. APP. P. 38.1(i). Appellants have the burden to present and discuss assertions of error in compliance with the appellate briefing rules. We have no duty, or even right, to perform an independent review of the record and applicable law to determine whether there was error. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). For the reasons stated above, we conclude that appellants' tenth issue is inadequately briefed, so we will not address it on the merits. *See Cruz*, 452 S.W.3d at 511.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
6th day of September, 2018.